PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                                    No. 05-4939

ROBERT JAY HECHT,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-05-116)

Argued: September 19, 2006

Decided: December 4, 2006

Before WILLIAMS and KING, Circuit Judges,
and James C. DEVER III, United States District Judge for the
Eastern District of North Carolina, sitting by designation.

---

Affirmed in part and vacated and remanded by published opinion.
Judge Dever wrote the opinion, in which Judge Williams and Judge
King joined.

---

## COUNSEL

**ARGUED:** Clarence Rauch Wise, Greenwood, South Carolina, for
Appellant. Maxwell Barnes Cauthen, III, OFFICE OF THE UNITED
STATES ATTORNEY, Greenville, South Carolina, for Appellee. **ON
BRIEF:** Jonathan S. Gasser, United States Attorney, Greenville,
South Carolina, for Appellee.

**OPINION**

DEVER, District Judge:

Robert Hecht pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and the district court sentenced him to 33 months in prison. Hecht appeals his sentence and contends that the district court erred in two ways. First, he contends that the district court erroneously treated 18 U.S.C. § 3553(b)(2) as mandatory, found certain facts that increased his sentence under the guidelines, and thereby violated the rationale of *United States v. Booker*, 543 U.S. 220 (2005). Second, he contends that the district court erroneously interpreted the guidelines and increased his offense level by two levels for "distribution" of child pornography.

As explained below, we agree that section 3553(b)(2) violates the rationale of *Booker*, that Hecht's sentence must be vacated, and that the action must be remanded for resentencing. In reaching this conclusion, we agree with every other circuit court that has held that the sentencing scheme set forth in section 3553(b)(2) does not comport with the rationale of *Booker* and that the proper remedy is to excise and sever section 3553(b)(2) and to replace it with an advisory guidelines regime under which sentences are reviewed for reasonableness. We reject, however, Hecht's contention that the district court erroneously increased his offense level by two levels for "distribution" of child pornography.

I.

Hecht was named in a one-count criminal information filed in the District of South Carolina. Count one charged that on or about July 21, 2004, Hecht knowingly possessed child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The child pornography was stored on Hecht's computer.

The case originated as part of an investigation concerning the production and distribution of child pornography. JA 46. An individual who knew Hecht introduced Hecht to an undercover agent. The agent had been informed that Hecht had previously shown images of child

pornography over the internet. On July 21, 2004, the agent and Hecht engaged in an on-line conversation. During that conversation, Hecht turned his web camera toward his computer screen. Hecht then transmitted to the agent over the internet approximately 51 images of child pornography from his computer screen via his web camera. JA 47.

On June 21, 2005, Hecht pleaded guilty to the one-count information. In preparing the presentence report, the probation officer used the 2003 edition of the Guidelines Manual. *See* JA 47. Neither the government nor the defendant objected to using the 2003 edition. The presentence report assigned a base offense level of 17, added two levels for "distribution," added two levels because a computer was involved, and added two levels because the offense involved at least ten images but fewer than 150 images. *See* JA 48. Due to Hecht's acceptance of responsibility, the offense level was reduced three levels. Thus, the adjusted offense level was 20. *See id.* Hecht's criminal history category was I. Accordingly, the sentencing range in the report was 33 to 41 months. JA 49.

On September 12, 2005, the district court held a sentencing hearing. Before the sentencing hearing, Hecht objected to an enhancement of two levels under U.S.S.G. § 2G2.2(b)(2)(E) (2003) for "distribution" of child pornography. Hecht also asked the district court to declare 18 U.S.C. § 3553(b)(2) unconstitutional and argued that section 3553(b)(2) violates the rationale of *Booker*.

The district court overruled Hecht's objections. After finding certain facts associated with the offense level, the district court determined that the offense level was 20, the criminal history category was I, and the guideline range for imprisonment was 33 to 41 months. The district court sentenced Hecht to 33 months in prison. Hecht filed a timely appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

II.

Because Hecht made timely and sufficient legal objections in the district court, we review his objection to his sentence *de novo*. *See*, *e.g.*, *United States v. Mackins*, 315 F.3d 399, 405 (4th Cir. 2003). A district court's legal conclusions concerning the guidelines are

reviewed *de novo. See*, *e.g.*, *United States v. Blake*, 81 F.3d 498, 503 (4th Cir. 1996).

### III.

Hecht's objection to 18 U.S.C. § 3553(b)(2) requires us to determine whether section 3553(b)(2) contains the same defects and requires the same remedy that the Court in *Booker* imposed on 18 U.S.C. § 3553(b)(1). In *Booker*, the Court held that the mandatory application of the sentencing provisions in 18 U.S.C. § 3553(b)(1) violated the Sixth Amendment when facts increasing the sentence were found by the judge, rather than admitted by the defendant or found by a jury beyond a reasonable doubt. *See Booker*, 543 U.S. at 243-44. As a remedy, the Court severed and excised 18 U.S.C. § 3553(b)(1), which mandated (absent unusual circumstances) that a district court impose a sentence within the guideline range. *Id.* at 245-46. The Court also held that sentences imposed under the advisory scheme would be reviewed for reasonableness. *Id.* at 260-63. The Court in *Booker* did not, however, address 18 U.S.C. § 3553(b)(2), presumably because section 3553(b)(2) was not at issue in *Booker*. *Cf. id.* at 245-46.

Congress enacted 18 U.S.C. § 3553(b)(2) as part of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act"). The PROTECT Act included certain mandatory sentencing provisions applicable to child and sexual offenses, including possession of child pornography. Those mandatory sentencing provisions are codified at 18 U.S.C. § 3553(b)(2).[1]

(Text continued on page 6)

---

[1] 18 U.S.C. § 3553(b)(2) states:

  (b) Application of guidelines in imposing a sentence.-

    (2) Child crimes and sexual offenses. -

      (A) Sentencing. - In sentencing a defendant convicted of an offense under section 1201 involving a minor victim, an offense under section 1591, or an offense under chapter 71, 109A, 110, or 117, the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless -

(i) the court finds that there exists an aggravating circumstance of a kind or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence greater than that described;

(ii) the court finds that there exists a mitigating circumstance of the kind, or to a degree, that -

(I) has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements issued under section 994(a) of title 28, taking account of any amendments to such sentencing guidelines or policy statements by Congress;

(II) has not been taken into consideration by the Sentencing Commission in formulating the guidelines; and

(III) should result in a sentence different from that described, or

(iii) the court finds, on motion of the Government, that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense and that this assistance established a mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence lower than that described.

In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission, together with any amendments thereto by an act of Congress. In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in subsection (a)(2). In the absence of an applicable sentencing guideline in the case of an offense other than a petty offense, the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to

At oral argument in this case, the government conceded that section 3553(b)(2) violates the rationale of *Booker* in the same way that section 3553(b)(1) violated the Sixth Amendment in *Booker* and conceded that the same remedy applies. In making this concession, the government acknowledged that every circuit court to address this issue has held that section 3553(b)(2) suffers from the same defects identified in *Booker* and requires the same remedy — excising and severing section 3553(b)(2) and replacing it with an advisory guidelines regime under which sentences are reviewed for reasonableness. *United States v. Shepherd*, 453 F.3d 702, 704 (6th Cir. 2006); *United States v. Jones*, 444 F.3d 430, 441 n.54 (5th Cir. 2006); *United States v. Grigg*, 442 F.3d 560, 562-64 (7th Cir. 2006); *United States v. Selioutsky*, 409 F.3d 114, 116-18 (2d Cir. 2005); *United States v. Yazzie*, 407 F.3d 1139, 1145-46 (10th Cir. 2005)(en banc). We agree with the conclusion of these circuit courts and now hold "that the rationale of *Booker* applies equally to sentences imposed pursuant to 18 U.S.C. § 3553(b)(1) or 18 U.S.C. § 3553(b)(2)." *Shepherd*, 453 F.3d at 704. Further, we hold that section 3553(b)(2) is subject to the same remedy as in *Booker*: "excising and severing the mandatory language [in section 3553(b)(2)] and replacing it with an advisory Guidelines regime under which sentences are reviewed for reasonableness." *Grigg*, 442 F.3d at 564 (quotations omitted).

Notwithstanding this conclusion, the government argues that vacating Hecht's sentence and remanding the action for resentencing is not necessary. In making this argument, the government contends that the district court, in fact, recognized section 3553(b)(2) to be advisory and simply chose not to vary below the guideline range.

We have reviewed the record and disagree. At the sentencing hearing, Hecht's counsel cited the Tenth Circuit's decision in *Yazzie*. *See* JA 23-24. Counsel then argued that section 3553(b)(2) suffered from the same defects recognized in *Booker* and argued that the district court should find it unconstitutional. *Id.* at 24. The district court responded, "I'm constrained to deny your objection." *Id.* Thereafter,

---

the applicable policy statements of the Sentencing Commission, together with any amendments to such guidelines or policy statements by act of Congress.

counsel again argued that "the Protect Act [as applied to Hecht] . . . violate[d] the *Booker* decision." *Id.* at 29. The court again stated, "I decline to rule that [the PROTECT Act is] unconstitutional." *Id.*

The government discounts these statements. Instead, the government cites the following statement from the court just before the court imposed a within-guidelines 33 month sentence: "I have considered the — as advisory only the Sentencing Reform Act of [1984] and the advisory nature of the sentencing guidelines, and I've also considered those factors under 18 [U.S.C. §] 3553(a)." JA 34.

This statement does not persuade us that a remand is unnecessary. The district court's reference to the Sentencing Reform Act of 1984 does not address the PROTECT Act (which was enacted in 2003). Likewise, the district court's ambiguous reference to the "advisory nature of the sentencing guidelines" does not overcome the district court's unequivocal refusal — twice — to declare unconstitutional section 3553(b)(2) as applied to Hecht and to excise and sever the mandatory language pursuant to the rationale of *Booker*. Finally, the district court's reference to the section 3553(a) factors fails to convince us that the district court believed it had the discretion to sentence Hecht under an advisory scheme and simply chose not to vary. Accordingly, we vacate Hecht's sentence and remand for resentencing. Resentencing shall take place in accordance with the familiar process for imposing a sentence under an advisory scheme. *See*, *e.g.*, *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006); *United States v. Hughes*, 401 F.3d 540, 546-47 (4th Cir. 2005).

Because this matter must be remanded for resentencing under an advisory scheme, we express our agreement with the Seventh Circuit's observation in *Grigg* concerning the sentencing provisions in the PROTECT Act. In *Grigg*, the Seventh Circuit stated:

> We are mindful of Congress' view, expressed in the PRO-TECT Act, regarding prosecuting and sentencing child kid-nappers and sexual offenders. Although we must hold today that § 3552(b)(2) cannot constrain the discretion of a district court to impose a sentence outside the range recommended by the Sentencing Guidelines, we nevertheless believe that district courts, in the course of selecting an appropriate sen-

tence, ought to give respectful attention to Congress' view
that crimes such as [the defendant's] are serious offenses
deserving serious sanctions.

*Grigg*, 442 F.3d at 564-65 (footnote omitted).

IV.

At sentencing, the district court found that Hecht's offense level
was 20 and his criminal history category was I. As to the offense level
calculation, Hecht objected to a two level increase under U.S.S.G.
§ 2G2.2(b)(2)(E) (2003) for "distribution" of child pornography.[2]

Hecht argues that "he never admitted he knowingly distributed
child pornography" and that he did not distribute child pornography
under U.S.S.G. § 2G2.2(b)(2)(E) (2003). Def. Br. 10-11. Before he
was sentenced, however, Hecht told the district court that he did
engage in an on-line conversation with a person who turned out to be
an undercover agent. Hecht then stated, "At the time when the officer
was on I was busy doing other things, and he asked me to show him
pictures. He said that a good friend of mine said that I had some good
pictures, so I just actually to get rid of him I turned the [web] camera
on pictures I had up on the screen and went on to what else I was
doing." JA 33. In light of Hecht's admission concerning his conduct,
the question becomes whether Hecht's admitted conduct in pointing
his web camera at child pornography on his computer screen and
thereby transmitting the images to the agent via the internet consti-
tutes "distribution" of child pornography under U.S.S.G.
§ 2G2.2(b)(2) (2003).

"Distribution" is defined in the 2003 Guidelines Manual as "any

---

[2]As mentioned, the district court applied the 2003 edition of the Guide-
lines Manual. In that edition of the Guidelines Manual, section
2G2.2(b)(2)(E) (2003) states: "Distribution other than distribution
described in subdivisions (A) through (D), increase by 2 levels." In the
2004, 2005, and 2006 editions of the Guidelines Manual, this language
is located in section 2G2.2(b)(3)(F) and reads: "Distribution other than
distribution described in subdivisions (A) through (E), increase by 2
levels." U.S.S.G. § 2G2.2(b)(3)(F) (2004).

act, including possession with intent to distribute, production, advertisement, and transportation related to the transfer of material involving the sexual exploitation of a minor." U.S.S.G. § 2G2.2 Application Note 1 (2003).[3] The term "any" at the outset of the first sentence of the definition of "distribution" in Application Note 1 "is a term of great breadth." *United States v. Wilde*, 120 F.3d 468, 470 (4th Cir. 1997) (analyzing 18 U.S.C. § 844(h)). Hecht's admitted conduct included an act "related to the transfer" of material involving child pornography and thereby constitutes "distribution." *See United States v. Williams*, 253 F.3d 789, 791-92 (4th Cir. 2001) (defendant who mailed child pornography to another person via UPS engaged in "distribution" within the meaning of U.S.S.G. § 2G2.2(b)(2)); *United States v. Probel*, 214 F.3d 1285, 1288-91 (11th Cir. 2000) (defendant who sent images of child pornography over the internet engaged in "distribution" within the meaning of U.S.S.G. § 2G2.2(b)(2)).

In response, Hecht argues that he did not send the child pornography to the agent via an attachment to an e-mail. Def. Br. 13. According to Hecht, sending an image as an e-mail attachment is "distribution," but "show[ing] the pictures to the undercover agent by the use of his web camera" is not. *Id.* Hecht's argument, however, ignores the phrase "any act . . . related to the transfer" in the definition of "distribution." Whether the images are sent over the internet attached to an e-mail or sent over the internet via a web camera, the sender has engaged in an act "related to the transfer" of the images. Thus, we reject Hecht's argument that the district court erred in interpreting the term "distribution."

V.

For the foregoing reasons, we affirm the district court's interpretation of the term "distribution" in U.S.S.G. § 2G2.2(b)(2) (2003). Nev-

---

[3]In the 2004, 2005, and 2006 editions of the Guidelines Manual, the Commission added the following additional sentence to the definition of "distribution": "Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant." U.S.S.G. § 2G2.2 Application Note 1 (2004). That additional sentence does not alter our analysis.

ertheless, we vacate Hecht's sentence and remand for resentencing under an advisory scheme.

*AFFIRMED IN PART AND VACATED AND REMANDED*