**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-4619**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN WILLIAM LOFLIN,

Defendant - Appellant.

———————

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-5084)

———————

Submitted: May 25, 2007          Decided: July 9, 2007

———————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Patricia A. Kurelac, Moundsville, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before us on remand from the United States Supreme Court for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). In United States v. Loflin, 91 F. App'x 873 (4th Cir. 2004), vacated, 543 U.S. 1100 (2005), we affirmed John William Loflin's conviction on three counts of traveling interstate with intent to engage in sexual relations with a juvenile (Counts 3, 5, and 7), in violation of 18 U.S.C. § 2423(b) (2000), and three counts of interstate travel to engage in criminal sexual activity with a juvenile (Counts 4, 6 and 8), in violation of 18 U.S.C. § 2423(a) (2000). We also affirmed his 144-month sentence for each count to run concurrently. The Supreme Court granted Loflin's petition for certiorari, vacated our judgment, and remanded for further consideration in light of Booker. After reviewing Loflin's appeal in light of Booker, we vacate his sentence and remand for resentencing.[1]

Loflin contends that his sentence violates the Sixth Amendment because the district court at sentencing accepted the presentence report and increased his base offense level by two

_____

[1]Disposition of this appeal was delayed as this court had not decided whether Booker applied to the child and sex crimes of which Loflin had been convicted. See 18 U.S.C.A. § 3553(b)(2) (West Supp. 2007). This court has now held that Booker applies to such crimes. See United States v. Hecht, 470 F.3d 177, 178 (4th Cir. 2006) ("[W]e agree that section 3553(b)(2) violates the rationale of Booker, that Hecht's sentence must be vacated, and that the action must be remanded for resentencing.").

levels for each of the following factors: (1) undue influence under U.S. Sentencing Guidelines Manual ("USSG") § 2A3.2(b)(2)(B) (2000), (2) using a computer or Internet access device to persuade, induce, entice, or coerce the victim to engage in prohibited sexual conduct under USSG § 2A3.2(b)(3), and (3) obstruction of justice based on perjured testimony pursuant to USSG § 3C1.1. Thus, Loflin argues that his total offense level was increased by six levels based upon facts not found by the jury or admitted by him.

Because Loflin did not raise a Sixth Amendment issue in the district court, we review for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, Loflin must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. at 547-48. If a defendant satisfies these requirements, our discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. at 555.

In Booker, the Supreme Court held that the mandatory manner in which the federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 543 U.S. at 226-27. The Court remedied the constitutional violation by making the Guidelines advisory through the removal of

two statutory provisions that had rendered them mandatory.  <u>Id.</u> at 227.

Here, the district court sentenced Loflin under the then-mandatory federal Sentencing Guidelines by making the above three determinations.  These findings raised Loflin's total offense level from 27 to 33.  Without the disputed enhancements, Loflin's advisory sentencing range would have been 70-87 months of imprisonment, given his criminal history category of I.  Thus, in light of <u>Booker</u> and <u>Hughes</u>, we find that the district court's plain error in sentencing Loflin, based on facts found only by the court, affects his substantial rights and warrants correction.[2]

Accordingly, we vacate Loflin's sentence and remand for resentencing consistent with this opinion.[3]  We dispense with oral

---

[2]Just as we noted in <u>Hughes</u>, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Loflin's sentencing.  <u>Hughes</u>, 401 F.3d at 545 n.4; <u>see generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[3]Although the Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  <u>Booker</u>, 543 U.S. at 264.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and then impose a sentence.  <u>Hughes</u>, 401 F.3d at 546.  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West Supp. 2007).  <u>Hughes</u>, 401 F.3d at 546 & n.5.  The sentence must be "within the statutorily prescribed

4

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

range and . . . reasonable." Id. at 547.