**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 06-4078**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

ROBERT JOHNSON,

Defendant - Appellee.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (5:05-cr-00110-H-ALL)

―――――――――

Argued: May 25, 2007                    Decided: July 18, 2007

―――――――――

Before TRAXLER and KING, Circuit Judges, and T. S. ELLIS, III, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

―――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――

**ARGUED:** Joe Exum, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellant. Richard L. Rosenbaum, Fort Lauderdale, Florida, for Appellee. **ON BRIEF:** George E. B. Holding, Acting United States Attorney, Anne M. Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellant.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The United States appeals the 144-month sentence imposed on appellant Robert Johnson for three child pornography offenses. We conclude the sentence is procedurally and substantively infirm, and accordingly we vacate and remand for resentencing.

I.

Johnson pled guilty to a three-count indictment charging him with transmission, receipt, and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(1), (a)(2), and (a)(4)(B), respectively. Johnson's arrest was precipitated by the arrest of a cooperating witness who permitted Immigration and Customs Enforcement (ICE) agents to utilize his email address and chat room identity. In February 2004, Johnson sent several emails and instant-messages to this online identity, whom he believed to be the cooperating witness, but who was in fact a government agent utilizing the cooperating witness' identity. In these messages, Johnson described, inter alia, viewing child pornography and grooming his grandchildren for sex with him. During the exchange, Johnson also sent 11 images of child pornography and a video image of himself to the agent. ICE traced the email and messages to Johnson, obtained a search warrant, and searched Johnson's residence and computer on November 10, 2004. The search of Johnson's computer equipment disclosed over 1,900 images of child

pornography, including sexually explicit still images and videos.[1] Most of the images depicted pre-pubescent victims. Moreover, many of the victims were in bondage,[2] and one victim appeared to be deceased. ICE agents also recovered from Johnson's computer logs of Johnson's conversations in chat rooms, which revealed that Johnson, by his own statements, had (i) watched live molestation or sexual abuse of children over the Internet, (ii) exposed himself to children over the Internet, (iii) used the Internet to arrange a sexual encounter with a child, and (iv) had sex with children in the Dominican Republic. Johnson's passport indicated he had recently traveled to the Dominican Republic.

Following the search, Johnson was indicted on April 20, 2005, arrested two days later, and pled guilty on August 1, 2005. The district judge ordered the preparation of a pre-sentence investigation report (PSIR). As the PSIR noted, and as defense counsel argued at sentencing, Johnson successfully raised two adult children, maintained gainful employment, provided extensive care to his ex-wife for her alcohol abuse and multiple sclerosis, and, apart from the instant offenses, lived an essentially law-abiding

_____

[1]This total number of images is arrived at by considering, as the Guidelines direct, that one video is equivalent to 75 still images. See U.S.S.G. § 2G2.2 cmt. n.4(B)(ii).

[2]For example, the government describes one image as depicting a naked, pre-pubescent child suspended upside down, bound and gagged, with what appears to be a Sharpie pen lodged in her vagina.

3

life.  As counsel and the PSIR also noted, Johnson was 54 years old when sentenced.

Based on the PSIR, which the district judge adopted, the offenses had a base offense level of 22 under the advisory Sentencing Guidelines.  In calculating the appropriate Guidelines range, the district judge also added the following enhancements: (i) a two-level enhancement because the images depicted children under the age of 12, U.S.S.G. § 2G2.2(a)(2), (ii) a five-level enhancement because the offense involved distribution, receipt, or expected receipt of a thing of value but not for pecuniary gain, U.S.S.G. § 2G2.2(b)(3)(B), (iii) a four-level enhancement because the images depicted sadistic or masochistic conduct, or other depictions of violence, U.S.S.G. § 2G2.2(b)(4), (iv) a two-level enhancement for use of a computer, U.S.S.G. § 2G2.2(b)(6), and (v) a five-level enhancement because the offense involved 600 or more images of child pornography, U.S.S.G. § 2G2.2(b)(7)(D).  A three-level reduction for acceptance of responsibility was also allowed, U.S.S.G. § 3E1.1(e), bringing the final offense level to 37.  Since Johnson's criminal history category was I, his advisory Guidelines range was thus 210 to 262 months.[3]  U.S.S.G. § 5A (table).  The top of this range was restricted to 240 months, the statutory maximum

---

[3]The PSIR erroneously stated that the applicable Guidelines range was 240 months. See Joint Appendix (JA) at 180.  The district judge repeated this error in the course of sentencing and in the judgment and commitment order.  See JA 185.

for counts 1 (transmission) and 2 (receipt). 18 U.S.C. § 2252(b)(1). The maximum sentence for count 3 (possession) was 120 months. 18 U.S.C. § 2252(b)(2).

At sentencing, the district judge heard argument from counsel and testimony from defense psychologists opining that Johnson was not a pedophile, that is, that he did not act on his sexual attraction to children or attempt to prey on children, and that his sexual attraction to children did not disrupt his personal relationships. The district judge did not weigh this testimony against other contrary evidence and made no explicit finding concerning whether Johnson was a pedophile.

In the end, the district judge elected to impose a variance sentence consisting of sixty months as to each of counts 1 and 2, and a twenty-four month sentence as to count 3, all to run consecutively, for a total custody sentence of 144 months.[4] This sentence represented a sixty six month, or thirty one percent, downward variance from the bottom of the advisory Guidelines range. The district judge justified the departure by reference chiefly to Johnson's age, stating in the judgment that the "reason for sentence outside [the Guidelines] is due to the defendant's age at the time of release weighed against the amount of time served

---

[4]The district judge also imposed supervised release and a $20,000 fine.

within the Guideline range." The government opposed this variance and timely noticed this appeal.

## II.

We review sentences on appeal for reasonableness, a "complex and nuanced" task in which our ultimate goal is to consider "whether the sentence was selected pursuant to a reasoned process in accordance with law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law." United States v. Green, 436 F.3d 449, 456-57 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). A sentence within the advisory Guidelines range is "presumptively reasonable," id. at 457, but of course, this presumption does not operate here, as a variance sentence was imposed.

As we have noted, a sentence may be unreasonable for procedural or substantive reasons. A sentence is procedurally unreasonable if the district judge provides an inadequate explanation for the sentence or fails to make a finding of fact necessary to support the sentence. United States v. Moreland, 437 F.3d 424, 434 (4th Cir. 2006). We have also explained the procedure a district judge must follow in imposing any sentence, including a variance sentence. First, the district judge must correctly calculate the Guidelines range. Id. at 432. A

miscalculation of the applicable Guidelines range is an error of law which typically renders a sentence unreasonable. Id. at 433; see also Green, 436 F.3d at 457. Next, the district judge must determine whether a sentence within the Guidelines range serves the sentencing factors set forth in 18 U.S.C. § 3553(a). Moreland, 437 F.3d at 432. If not, the district judge must impose a sentence that serves those factors, constrained by any statutory minima or maxima. Id. In doing so, the district judge should first consider whether a departure is warranted based on the Guidelines or existing case law. Id. If a departure is not available, or the resulting departure range still does not adequately serve the § 3553(a) factors, the district judge may impose a variance sentence, taking care to explain and justify the variance by reference to the § 3553(a) factors. Id. at 432-33. The greater the extent of the variance, the more closely we scrutinize the reasons offered in support of it, and the more compelling those reasons must be. Id. Nonetheless, a district judge need not mechanically check off the list of § 3553(a) factors; instead, "it is enough to calculate the [Guidelines] range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." Id. at 432-33.

With these principles in mind, it is apparent that the 144-month sentence in this case is procedurally unreasonable. First, the district judge relied on an incorrect calculation of the Guidelines range, concluding erroneously, both at sentencing and in

the judgment and commitment order, that the appropriate Guidelines range was 240 months. Second, the district judge imposed a variance sentence without first considering the possibility of a conventional downward departure under the Guidelines. A downward departure for age is explicitly discouraged, although not altogether precluded by a Guidelines policy statement, U.S.S.G. § 5H1.1, which a sentencing judge is required to take into account by § 3553(a)(5). Procedurally, then, before imposing a variance sentence on a ground to which the Guidelines speak, the district judge should have considered the possibility of a Guidelines departure based on age, even though the ultimate conclusion might well be that a departure on this ground was not warranted. We note that even if the district judge had concluded that no age-based departure was warranted, as likely would have been the case,[5] the

---

[5]The Guidelines policy statement notes that "age (including youth) is not ordinarily relevant in determining whether a departure is warranted," though exceptions may exist for "elderly and infirm" defendants for whom other forms of punishment would be "equally efficient and less costly." U.S.S.G. § 5H1.1. Pre-Booker jurisprudence held that a departure based on age and infirmity (or any disfavored factor) is to be granted only in extraordinary circumstances, that is, when the disfavored factor is present to an exceptional degree or "in some other way that makes the case different from the ordinary case where the factor is present." United States v. Summers, 893 F.2d 63, 68-69 (4th Cir. 1990); United States v. Hairston, 96 F.3d 102, 105-06 (4th Cir. 1996) (internal citations omitted). Further, our sister circuits have held that downward departures are inappropriate when based merely on the fact that a defendant would be elderly when released, or that a lengthy Guidelines sentence would effectively sentence an elderly defendant to life. See, e.g., United States v. Jackson, 30 F.3d 199, 202-03 (1st Cir. 1994) (interrelationship of age and prospective sentence is not adequate grounds for departure) (citing

discipline of following this required sentencing procedure would have alerted the district judge to the fact that age-based departures are disfavored and thus to the need to take special care to explain fully the reasons under § 3553(a) for a variance sentence.

The final procedural infirmity is the district judge's failure to acknowledge and take into account Congress' policy judgment – embodied in § 3553(b)(2)(A)(ii)[6] – that child pornography crimes

---

cases); <u>United States v. Fierro</u>, 38 F.3d 761, 775 (5th Cir.), <u>cert. denied</u> 514 U.S. 1051 (1994) (downward departure inappropriate based on fact that defendant would be 64 or 65 when released; departure not warranted when defendant is not elderly and infirm at the time of sentencing). Indeed, no reported circuit decision has been found approving a downward departure based *solely* on a defendant's age. But some courts have found that where a defendant's age and medical condition render him feeble and infirm, a departure may appropriately be granted. <u>See</u>, <u>e.g.</u>, <u>United States v. Barron</u>, 914 F. Supp. 660 (D. Mass 1995) (76 year old defendant, suffering from, <u>inter alia</u>, heart condition, suspected prostate cancer, pituitary disease, removed pituitary gland, and unstable mental condition, warranted downward departure).

[6] This provision provides that

> [i]n sentencing a defendant convicted of an offense
> . . . under chapter . . . 110 [Sexual Exploitation and Other Abuse of Children] . . . the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4)[, that is, a Guidelines sentence,] unless –
> (ii) the court finds that there exists a mitigating circumstance of a kind, or to a degree that
>> (I) has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements ...

9

are grave offenses warranting significant sentences. As originally enacted, this provision mandated no less than a Guidelines sentence, but as required by Booker, we have held the mandatory language unconstitutional and excised it from the statute. United States v. Hecht, 470 F.3d 177, 181-82 (4th Cir. 2006). Nonetheless, it remains true that a district judge "in the course of selecting an appropriate sentence, ought to give respectful attention to Congress' view that . . . [child pornography crimes] are serious offenses deserving serious sanctions." Id. at 182. We see no record evidence that the district judge considered Congress' policy judgment concerning child pornography offenses in granting a variance. Together with the others described here, this procedural shortcoming is sufficient to render the sentence procedurally unreasonable.[7]

Quite apart from its procedural infirmities, it appears the sentence is also substantively flawed; it is based on a factor

---

> (II) has not been taken into consideration by the Sentencing Commission in formulating the guidelines, and
> (III) should result in a sentence different from that described... .

18 U.S.C. § 3553(b)(2)(A)(ii).

[7]Moreland and Green had not been decided at the time of sentencing, and accordingly, we intend no criticism of the district judge for failing to follow the procedures we announced in those decisions. See United States v. Khan, 461 F.3d 477, 499 n.14 (4th Cir. 2006).

that, even if otherwise permissible as a basis for a variance, cannot support a variance sentence in the circumstances of this case. Here, the district judge imposed the variance sentence not on the basis of a reasoned application of the § 3553(a) factors, but rather, solely on Johnson's age, the district judge noting that Johnson would be approximately 75 years old when released and that his imprisonment would "cost the taxpayers several million dollars."

The question, then, is whether this variance sentence can be justified on the basis of Johnson's age. Whether age, by itself, can support a variance sentence is an open question in this circuit, as we have previously declined to decide whether a variance may be granted based on a factor "discouraged as a basis for departure under the Guidelines." United States v. Hampton, 441 F.3d 284, 289 (4th Cir. 2006).[8] Nor must we decide the question today, for assuming without deciding that we were to follow the

---

[8]Other circuits have generally concluded that variances may be granted in reliance on discouraged or forbidden Guidelines factors, as "the guidelines . . . are no longer decisive as to factors any more than as to results," though "reliance on a discounted or excluded factor may, like the extent of the variance, have some bearing on reasonableness." United States v. Smith, 445 F.3d 1, 5 (1st Cir. 2006). See also United States v. Davis, 458 F.3d 491, 498 (6th Cir. 2006) (district court "has a freer hand to account for the defendant's age in its sentencing calculus under § 3553(a) than it had before Booker"); United States v. Simmons, 470 F.3d 1115, 1130-31 (5th Cir. 2006) (same). But see United States v. Lee, 454 F.3d 836, 839 (8th Cir. 2006) ("age is normally not relevant to sentencing, unless the defendant is elderly and infirm").

majority of circuits and conclude that disfavored factors may appropriately form the basis of a variance sentence in some circumstances, it is nonetheless apparent that a variance based on Johnson's age was substantively unreasonable here.

First, no reason is apparent on this record why Johnson's age is a personal characteristic that would justify a variance, or indeed, that should matter to the § 3553(a) calculus at all. Although Johnson's health is described in the PSIR as only "fair," he certainly is not infirm. Defense counsel argued that Johnson would not survive a 240-month sentence, but there is no medical evidence in the record to that effect. More to the point, we fail to see how the egregiousness of Johnson's offenses, the clear statements of Congressional policy acknowledging the grave nature of child pornography crimes, the need to deter further appalling abuse of children, and the need to avoid unwarranted disparities in sentences imposed on persons convicted of similar offenses, all of which militate strongly in favor of a Guidelines sentence, could be outweighed by a single personal characteristic that is not atypical of child pornography offenders.[9] Johnson's unexceptional personal history and characteristics, including his age, do not distinguish

_____

[9]Indeed, as the government points out, a study by the National Center for Missing and Exploited Children has concluded that men over age 40 are the most common offenders of the child pornography laws. See Wolak, Finklehor, and Mitchell, Child Pornography Possessors Arrested in Internet-Related Crimes: Findings from the National Juvenile Online Victimization Study (2005), available at http://www.missingkids.com/en_US/publications/NC144.pdf.

him from other defendants convicted of child pornography crimes, and accordingly, they do not justify a variance sentence.

For all the reasons stated herein, Johnson's sentence must be vacated and the case remanded for resentencing.

<u>VACATED AND REMANDED</u>