**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4147**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RONALD CHRISTOPHER SANDERS,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:08-cr-00621-TLW-1)

Submitted:  July 27, 2009            Decided:  August 13, 2009

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South  Carolina;  Aileen  P.  Clare,  Research  and  Writing
Specialist, Columbia, South Carolina, for Appellant.  W. Walter
Wilkins, United States Attorney, Carrie A. Fisher, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Christopher Sanders pled guilty pursuant to a written plea agreement to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court determined the statutory conditions set forth in the Armed Career Criminal Act ("ACCA"), see 18 U.S.C. § 924(e) (2006), were satisfied and sentenced Sanders to the statutory mandatory minimum of 180 months' imprisonment. Finding no error, we affirm.

On appeal, Sanders's counsel asserts that this court should apply the doctrine of constitutional avoidance in construing the ACCA, thus requiring the Government to allege prior convictions in the indictment and prove them beyond a reasonable doubt. Under "[t]he canon of constitutional avoidance, . . . every reasonable construction must be resorted to, in order to save a statute from unconstitutionality." Gonzalez v. Carhart, 550 U.S. 124, 153 (2007) (internal quotation marks and citation omitted). However, it "does not apply if a statute is not genuinely susceptible to two constructions." Id. at 154. As counsel objected to the Government's failure to allege Sanders's predicate offenses in the indictment, this court's review is de novo. See United States v. Hecht, 470 F.3d 177, 179 (4th Cir. 2006).

2

Sentencing courts are required to calculate the applicable advisory Guidelines range based on appropriate findings of fact. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 596 (2007). The district court "may accept any undisputed portion of the presentence report as a finding of fact," Fed. R. Crim. P. 32(i)(3)(A), and should evaluate the sentencing factors based on the preponderance of the evidence, see United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008). Moreover, as acknowledged by counsel, we specifically determined in United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir. 2005), that prior convictions used as a basis for enhancement under the ACCA need not be charged in the indictment nor proven beyond a reasonable doubt.

Nevertheless, counsel maintains that it is impossible to reconcile the pleading requirements of Apprendi v. New Jersey, 530 U.S. 466 (2000), with the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998). Counsel finds support for this argument from Justice Thomas, who opined that the ACCA is unconstitutional as a result of the Court's decision in Apprendi and its progeny, and that the decision in Almendarez-Torres is no longer good law. See Shepard v. United States, 544 U.S. 13, 26-28 (2005) (Thomas, J., concurring in part and concurring in the judgment). However,

3

Justice Thomas's opinion was not joined by a majority of the Justices and is therefore of no precedential value.

Equally unavailing is counsel's contention that Dretke v. Haley, 541 U.S. 386 (2004), invited the courts to consider application and extension of Almendarez-Torres through the doctrine of constitutional avoidance. Dretke simply does not stand for this proposition. Moreover, because Almendarez-Torres has not been overruled, it resolves the constitutional question at issue here, leaving nothing to avoid. Therefore, the district court properly sentenced Sanders under the ACCA.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED