**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 16-4368**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

JASON WILLIAM WHEELER,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:15-cr-00382-F-1)

─────────────

Argued:  December 7, 2017                Decided:  January 19, 2018

─────────────

Before MOTZ, DUNCAN, and THACKER, Circuit Judges.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

**ARGUED:** G. Alan DuBois, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Barbara Dickerson Kocher, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason W. Wheeler ("Appellant") appeals his sentence of 180 months of imprisonment for receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). We conclude that the district court failed to adequately explain its reasons for rejecting Appellant's nonfrivolous sentence disparity argument. Accordingly, we vacate Appellant's sentence and remand for resentencing. However, we find no error in the district court's failure to comment on the purported harshness of the United States Sentencing Guidelines ("Guidelines") applicable to child pornography.

## I.

## A.

In July 2014, law enforcement executed a federal search warrant at the residence of Terry Scott Hilliard ("Hilliard") in Orlando, Florida. During the search, law enforcement discovered that Hilliard had traded multiple images of child pornography with Appellant. Law enforcement then obtained a federal search warrant for Appellant's residence in North Carolina and executed the warrant on October 2, 2014. Multiple computers and media storage devices were seized from Appellant's home. Appellant admitted that he had exchanged emails containing child pornography with Hilliard and others and that child pornography would be located on his computer. A subsequent forensic investigation uncovered 82 images and 61 videos of child pornography in Appellant's files.

B.

On December 15, 2015, Appellant was charged by criminal information with one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). He pled guilty to this charge on January 25, 2016. The presentence investigation report prepared by the federal probation office assigned Appellant a criminal history category of I and a total offense level of 37, adjusted from the base offense level of 22. Appellant's calculated Guidelines range was 210 months to 262 months. Because the upper range exceeded the statutory maximum sentence, Appellant's Guidelines range was reduced to 210 months to 240 months.

In his sentencing memorandum, Appellant did not challenge the calculation of his Guidelines range. Instead, he requested a downward variance at or near the statutory minimum of five years. Among other arguments, Appellant argued that a sentence within the Guidelines range perpetuated sentence disparities because Hilliard received a sentence of 60 months of imprisonment with five years of supervised release.[1] Appellant also asserted that "as a general matter, courts may vary from Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines." Sentencing Memorandum at 3, *United States v. Wheeler*, No. 5:15-cr-00382 (E.D.N.C. Dec. 15, 2015; filed June 1, 2016), ECF No. 12.

The district court held a sentencing hearing on June 10, 2016, and adopted the criminal history category, total offense level, and Guidelines range set out in the

---

[1] Hilliard was sentenced on March 25, 2015, in the Middle District of Florida.

4

presentence investigation report. At the hearing, Appellant again argued that his requested variance was warranted because Hilliard received a sentence of 60 months of imprisonment "for very similar conduct." J.A. 51.[2] He "urge[d]" the district court "to consider something that is . . . closer to what Mr. Hilliard got in Florida." *Id.* at 53.

The district court imposed a sentence of 180 months of imprisonment -- a downward variance of 30 months from the bottom of the Guidelines range -- followed by five years of supervised release. In doing so, the district court explained, "A longer prison sentence is needed to deter others from entering the child pornography market. . . . The Court hopes the sentence imposed will impress upon [Appellant] respect for the law and deter [sic] from engaging in the offense and relevant conduct in the future." J.A. 57. The district court also noted that Appellant "will have an opportunity to finish . . . his treatment." *Id.* Appellant timely appeals his sentence.

## II.

Our review of Appellant's sentence is limited to an assessment of its reasonableness. *See United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 46 (2007)). "[W]e first consider whether the sentencing court procedurally erred by 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing

---

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

5

to adequately explain the chosen sentence.'" *United States v. Ventura*, 864 F.3d 301, 308 (4th Cir. 2017) (quoting *United States v. Susi*, 674 F.3d 278, 282 (4th Cir. 2012)). "If there is no significant procedural error, we must 'then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,' taking 'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *Zuk*, 874 F.3d at 409 (quoting *Gall*, 552 U.S. at 51). However, "[i]f we determine a procedural error exists," we will vacate the sentence and remand for resentencing without addressing the substantive reasonableness of the sentence. *See United States v. Martinovich*, 810 F.3d 232, 243 (4th Cir. 2016) (citing *United States v. Lewis*, 606 F.3d 193, 201 (4th Cir. 2010)).

## A.

We turn first to Appellant's argument that the district court procedurally erred by failing to consider Appellant's request for a sentence close to the 60 month sentence Hilliard received for similar conduct. "[A] sentencing court must demonstrate that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (quoting *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010)) (alterations and internal quotation marks omitted). Where, as here, the defendant "presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines," the sentencing court must "address the [defendant's] arguments and explain why [it] has rejected those arguments." *Id.* (quoting *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009)) (internal quotation marks omitted).

6

Appellant requested a downward variance to 60 months of imprisonment in his sentencing memorandum and again at his sentencing hearing. He argued that a sentence within the Guidelines range would perpetuate an unwarranted sentence disparity because Hilliard received only 60 months of imprisonment for trading child pornography. *See* 18 U.S.C. § 3553(a)(6) (requiring sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). Nonetheless, when sentencing Appellant, the district court did not acknowledge that Appellant had requested a sentence consistent with the one Hilliard received -- in fact, the district court did not mention Hilliard at all -- let alone explain why such a disparity was warranted. We thus conclude that the district court procedurally erred by not addressing Appellant's sentence disparity argument.

Accordingly, we vacate Appellant's sentence and remand this case to the district court for resentencing.[3] We instruct the district court upon remand to address Appellant's argument that he should receive a sentence close to the 60 month sentence Hilliard received because a sentence within the Guidelines range would create an unwarranted sentence disparity. However, we in no way mean to imply that the district court is obligated to modify Appellant's sentence. The district court must simply "make an individualized assessment based on the facts presented" and adequately explain its reasons for imposing whatever sentence it may choose. *Carter*, 564 F.3d at 328

---

[3] We need not consider the substantive reasonableness of Appellant's sentence because the district court procedurally erred by failing to address Appellant's argument. *See Ventura*, 864 F.3d at 308; *Martinovich*, 810 F.3d at 243.

(emphasis deleted) (quoting *Gall*, 552 U.S. at 50). Its "stated rationale must be 'tailored to the particular case at hand and adequate to permit meaningful appellate review.'" *United States v. Lymas*, 781 F.3d 106, 113 (4th Cir. 2015) (quoting *Carter*, 564 F.3d at 330).

In considering Appellant's argument, it may be helpful for the district court to determine whether or not Hilliard is actually similarly situated to Appellant. But we certainly do not intend to suggest that the district court must give Appellant the same sentence Hilliard received from another district court in a different circuit, particularly since the facts of Hilliard's case are not part of the record before us.

## B.

We are also compelled to address Appellant's contention that the district court was obligated to consider the soundness of the child pornography Guidelines. Although Appellant dedicates the bulk of his appellate briefs to this argument, he did not raise it below. Appellant's rote statement that the district court "may vary from Guidelines ranges based solely on policy considerations" is buried in his sentencing memorandum, and he failed to elaborate on the argument at his sentencing hearing. Sentencing Memorandum at 3, *United States v. Wheeler*, No. 5:15-cr-00382 (E.D.N.C. Dec. 15, 2015; filed June 1, 2016), ECF No. 12. The single statement in the sentencing memorandum is plainly insufficient to "inform[] the court . . . of the action [Appellant] wishes the court to take." Fed. R. Crim. P. 51(b); *see Lynn*, 592 F.3d at 577–78 (applying this standard to "[t]he question . . . as to how a party may preserve . . . a claim of procedural sentencing error in the district court"). Appellant never asked the district

8

court -- as he now asks us -- to account for the alleged unfairness of the child pornography Guidelines as a basis for imposing a lower sentence.

Moreover, we have never required district courts to sua sponte comment on the appropriateness of the Guidelines in light of widespread criticism. To the contrary, we have instructed district courts "to give respectful attention to Congress' view that [child pornography crimes] are serious offenses deserving serious sanctions." *United States v. Morace*, 594 F.3d 340, 347 (4th Cir. 2010) (quoting *United States v. Hecht*, 470 F.3d 177, 182 (4th Cir. 2006)). Any disagreement with the Guidelines range imposes no obligation on the district court to examine the propriety of the Guidelines, especially since the district court is free to vary from the Guidelines range where appropriate. Notably, the district court varied downward in this instance.

In the same vein, 18 U.S.C. § 3553(a) does not require the district court to acknowledge deficiencies with the Guidelines because the Guidelines range typically "embodies the § 3553(a) factors and 'reflect[s] a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Lymas*, 781 F.3d at 112 (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). It is not the responsibility of the federal courts to question the reasoned policy determinations made by Congress and the United States Sentencing Commission.

III.

For the foregoing reasons, Appellant's sentence is vacated, and this case is remanded to the district court for resentencing.

*VACATED AND REMANDED*

9