*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0238p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

No. 05-5328

WILLIAM CARROL SHEPHERD, III,

        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 04-00046—Todd J. Campbell, District Judge.

Argued: March 7, 2006

Decided and Filed: July 10, 2006

Before: SUTTON and GRIFFIN, Circuit Judges; OBERDORFER, District Judge.[*]

---

**COUNSEL**

**ARGUED:** Ronald C. Small, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. S. Carran Daughtrey, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. **ON BRIEF:** Ronald C. Small, Jennifer Niles Coffin, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. S. Carran Daughtrey, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

---

**OPINION**

---

GRIFFIN, Circuit Judge. Defendant William Carrol Shepherd appeals his sentence of eighty-seven months imposed by the district court following defendant's plea of guilty to five counts of distributing child pornography (18 U.S.C. § 2252A(a)(2)(A)), one count of possession of child pornography (18 U.S.C. § 2252A(a)(5)(B)), and one count of criminal forfeiture (18 U.S.C. § 2253A and Rule 7(c)(2)). Approximately one month after the Supreme Court's landmark decision, *United States v. Booker*, 543 U.S. 220 (2005), the district court calculated defendant's Federal Sentencing Guideline range to be 87 to 108 months and ruled, pursuant to the rationale of the *Booker* remedial opinion (Breyer, J., opinion of the Court), that the Guidelines were advisory regarding defendant's

---

[*] The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

convictions.  Judge Todd J. Campbell proceeded to sentence defendant to the low end of the Guidelines, eighty-seven months.  Defendant now appeals his sentence, and we affirm.

I.

On appeal, defendant first argues that the *Booker* remedial opinion does not apply to his sentence.  He raises the convoluted argument that the Sentencing Guidelines should be "mandatory," but that his sentence can be enhanced only by facts admitted by defendant or proved to a jury. Under defendant's proposed remedial scheme, if the district judge had treated the Guidelines as mandatory but then calculated his sentence based only on facts that defendant admitted, his offense variable would be 16 (17, plus 2 for distribution of more than 10 images, minus 3 for accepting responsibility), yielding a sentence range of 21 - 27 months.  However, under the mandatory minimum statute for child sex crimes, defendant concedes his sentence would be a minimum of sixty months.  See 18 U.S.C. § 2252A(b)(2).

Because defendant was convicted of a child sex crime, the mandatory nature of the Sentencing Guidelines is specified in 18 U.S.C. § 3553(b)(2).  Defendant argues that *Booker's* remedial opinion is not applicable to his sentence because the *Booker* Court held unconstitutional only the mandatory Sentencing Guidelines imposed pursuant to 18 U.S.C. § 3553(b)(1).  Defendant is technically correct in noting that *Booker* did not involve a sentence imposed under 18 U.S.C. § 3553(b)(2).  Nevertheless, the district court ruled, and we now hold, that the rationale of *Booker* applies equally to sentences imposed pursuant to 18 U.S.C. § 3553(b)(1) or 18 U.S.C. § 3553(b)(2). Our holding on this issue is consistent with our result in *United States v. Williams*, 411 F.3d 675 (6th Cir. 2005), and the holdings by the Second Circuit, *United States v. Selioutsky*, 409 F.3d 114 (2d Cir. 2005), and the Tenth Circuit, *United States v. Yazzie*, 407 F.3d 1139 (10th Cir. 2005) (en banc), *cert. denied* 126 S. Ct. 303 (2005).

In *United States v. Selioutsky*, the Second Circuit explained its reasoning for treating § 3553(b)(1) and § 3553(b)(2) similarly regarding *Booker*:

> The statutory sections identifying the substantive provisions and the maximum penalties for Selioutsky's offense, 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), are contained in Chapter 110 of Title 18.  Subsection 3553(b)(2) of Title 18 contains specific provisions governing use of the Guidelines and makes those provisions applicable to child crimes and sexual offenses, specifically including offenses under Chapter 110.  *Booker* excised subsection 3553(b)(1) but made no mention of subsection 3553(b)(2).  Thus, we confront the question whether the rationale of *Booker* requires us to consider subsection 3553(b)(2) excised, just as the Supreme Court excised subsection 3553(b)(1).
>
> Subsection 3553(b)(2) is identical to subsection 3553(b)(1) in its requirement that a sentencing judge impose a sentence within the range specified for the applicable Guideline, subject only to a limited departure authority.  The only difference between the subsections is that subsection 3553(b)(2) places more limits on the type of mitigating factors that can permit a departure than the limits specified in subsection 3553(b)(1).
>
> We conclude that the *Booker* rationale requires us to consider subsection 3553(b)(2) to be excised. Both subsections require use of the applicable Guidelines range, subject to slightly different departure provisions, and it was the required use of the Guidelines that encountered constitutional objections in *Booker.*  Because neither of the defendants considered by the Supreme Court in *Booker* had violated provisions to which subsection 3553(b)(2) applied, the Court had no occasion to give explicit

consideration to the continued viability of that subsection. Nevertheless, now faced with a defendant who has violated provisions covered by subsection 3553(b)(2), we must decide its viability, and we hold that it must be deemed excised. There is no principled basis for distinguishing subsection 3553(b)(1) from 3553(b)(2) with respect to the rationale of *Booker.*

*Selioutsky*, 409 F.3d at 116-17 (footnotes omitted).

Likewise, in *United States v. Yazzie*, 407 F.3d at 1145-46, the Tenth Circuit, sitting en banc, held that the *Booker* reasoning compels that § 3553(b)(2) also be excised:

The second type of *Booker* error, non-constitutional *Booker* error, occurs whenever the district court treats the Guidelines as mandatory rather than advisory in determining the defendant's sentence even though the "calculat[ion based] solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction" would support such a sentence. *Gonzalez-Huerta,* 403 F.3d at 732. The Supreme Court rendered the Guidelines advisory by excising 18 U.S.C. § 3553(b)(1) from the Sentencing Reform Act of 1984. *Booker,* 125 S.Ct. at 764. Here, because Mr. Yazzie was convicted of a sexual crime against an Indian minor 18 U.S.C. § 3553(b)(2), not § 3553(b)(1), is the governing sentencing statute. The *Booker* Court, however, did not determine whether § 3553(b)(2) must be excised in order to remedy the Guidelines' underlying Sixth Amendment violations. Applying *Booker's* reasoning, we hold that it must be excised as well.

Section 3553(b)(2) contains the same "shall impose" language that made application of the Guidelines mandatory under § 3553(b)(1). Because of this textual similarity, sentencing under § 3553(b)(2) raises the same Sixth Amendment concerns that the Supreme Court remedied by striking § 3553(b)(1). *See Booker,* 125 S.Ct. at 764. Accordingly, we conclude that *Booker* also requires excising § 3553(b)(2). . . . Therefore, we hold that treating the Guidelines as mandatory–regardless of whether the defendant is sentenced under § 3553(b)(1) or § 3553(b)(2)–is error.

The above rationales advanced by the Second and Tenth Circuits are persuasive, and we hereby adopt them as our own. Furthermore, we note that the most logical reason the Supreme Court did not address § 3553(b)(2) in its *Booker* opinions is because § 3553(b)(2) was not at issue. Only the constitutionality of the Sentencing Reform Act of 1984 was before the Court in *Booker* (Stevens, J., opinion of the Court, 543 U.S. at 245). Subsection 3553(b)(2) is not part of the Sentencing Reform Act, but instead is a component of the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, § 401 (2003) ("Protect Act").

II.

Next, defendant argues that applying *Booker* to his sentence would violate the ex post facto principle inherent in the Due Process Clause of the Fifth Amendment. Defendant asserts that because his crimes were committed before the date *Booker* was decided, it would be unconstitutional to apply the *Booker* decision to his sentence.

Defendant's argument that *Booker* may not be applied to his sentence is contrary to the *Booker* remedial opinion (Breyer, J., opinion of the Court), which instructs, "[W]e must apply today's holdings – both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review." *Booker*, 543 U.S. at 268.

Additionally, defendant's due process argument has been justifiably rejected by the Courts of Appeals that have considered it. *See, e.g., United States v. Lata*, 415 F.3d 107 (1st Cir. 2005); *United States v. Vaughn*, 430 F.3d 518 (2d Cir. 2005), *cert. denied* 126 S. Ct. 1665 (2006); *United States v. Scroggins*, 411 F.3d 572 (5th Cir. 2005); *United States v. Jamison*, 416 F.3d 538 (7th Cir. 2005); *United States v. Dupas*, 417 F.3d 1064 (9th Cir. 2005), *amended by* 419 F.3d 916 (9th Cir. 2005), *cert. denied* 126 S. Ct. 1484 (2006); *United States v. Rines*, 419 F.3d 1104, 1106 (10th Cir. 2005), *cert. denied* 126 S. Ct. 1089 (2006); and *United States v. Duncan*, 400 F.3d 1297 (11th Cir. 2005), *cert. denied* 126 S. Ct. 432 (2005).

For these reasons, we hold that the district court correctly applied *Booker* to defendant's sentence, although his sentence was imposed pursuant to 18 U.S.C. § 3553(b)(2), rather than 18 U.S.C. § 3553(b)(1).

Affirmed.