**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0636n.06
Filed: August 24, 2006

**No. 05-6468**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| V. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE AT CHATTANOOGA |
| DAVID C. HAVNER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: **RYAN and COOK, Circuit Judges; FORESTER, Senior District Judge.**[*]

**KARL S. FORESTER, Senior District Judge.** Defendant-Appellant David Havner

pleaded guilty to seven counts of a nine-count indictment charging him with various drug

offenses arising from a conspiracy to manufacture methamphetamine. Treating the United States

Sentencing Guidelines ("Guidelines") as mandatory, the district court sentenced Havner to 235

months' imprisonment, which Havner appealed.

While Havner's appeal was pending, the United States Supreme Court issued its decision

in *United States v. Booker*, 543 U.S. 220 (2005). Thereafter, this Court affirmed Havner's

---

[*] The Honorable Karl S. Forester, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

conviction, but vacated the sentence and remanded for re-sentencing in light of *Booker*. On remand, the district court, treating the Guidelines as advisory, reinstated its earlier findings and imposed the same sentence. Havner appeals the sentence.

## I. *Booker* Challenge

Havner argues that the district court violated his Sixth Amendment right to a jury trial and this Court's April 28, 2005, order by resentencing him based on judge-found facts, including the quantity of drugs attributable to Havner and the fact that children were near the methamphetamine lab at issue. It is clear that at Havner's resentencing, the district court did not violate the Sixth Amendment or the remand order. The district court treated the Guidelines as advisory and did not use judicially-found facts to sentence Havner beyond the statutorily-authorized maximum term. Pursuant to *United States v. Stone*, 432 F.3d 651, 655 (6th Cir. 2005), district courts continue to "calculate the Guideline range as they would have done prior to *Booker*," finding facts by a preponderance of the evidence under the now-advisory Guidelines and taking into account the factors enunciated in 18 U.S.C. § 3553. We find no error in the procedure used by the district court and, therefore, reject Havner's challenge pursuant to *Booker*.

## II. Ex Post Facto Challenges

### a. *Booker*

Havner further argues that because the date of his offense conduct preceded *Booker*, the ex post facto principle inherent in the Due Process Clause of the Fifth Amendment prohibited the district court from sentencing Havner above the unenhanced sentencing range provided by the Guidelines. In other words, he asserts that the remedial holding in *Booker* cannot be applied to his sentence.

2

Shortly after oral argument in the present case, a separate panel of this Court rejected this argument, holding that retroactive application of the remedial holding of *Booker* does not violate ex post facto or due process principles. *United States v. Shepherd*, 453 F.3d 702, 705-06 (6th Cir. 2006). In so holding, this Court joined at least seven other courts of appeals in rejecting Havner's argument. *See id.* (citing cases). Therefore, this claim has no merit.

### b. Sentencing Enhancement

Havner also argues that the district court violated the ex post facto clause by applying the enhancement in Guideline § 2D1.1(b)(5)(B) and (C) to his sentence, asserting that the guideline did not become effective until after the events giving rise to the enhancement. However, after further briefing, it is now clear that the enhancement at issue took effect on December 16, 2000, two months before the relevant conduct occurred, and Havner concedes this point. Therefore, we find that this claim has no merit.

### III. Drug Quantity Calculation

Finally, Havner asserts that the district court's drug-quantity finding, based upon the probation officer's calculation in the presentence investigation report, constitutes clear error because the government failed to introduce any evidence on this point.

This Court reviews a sentencing court's determination of drug quantity for clear error. *United States v. Treadway*, 328 F.3d 878, 883 (6th Cir. 2003). Havner did not object to or challenge the drug-quantity finding. We have held that a defendant's failure to challenge drug quantity findings made by the probation officer in the presentence investigation report operates as an admission to those drug types and quantities and provides the requisite factual basis to sustain the defendant's enhanced sentence. *United States v. Stafford*, 258 F.3d 465, 476 (6th Cir.

2001).  Thus, we find the district court did not clearly err in the present case.

## IV.  Conclusion

Based on the above, we **AFFIRM** Havner's sentence.