OPINION *Page 2 
{¶ 1} Appellant Richard B. Freeman appeals his criminal conviction and sentence in the Delaware County Common Pleas Court. The State of Ohio is the appellee.
 {¶ 2} On January 27, 2006, appellant was indicted by the Delaware County Grand Jury in Case No. 06CR-I-01-0039. On April 7, 2006, appellant was indicted in Case No. 06CR-I-04-0170. Both of those cases were dismissed on May 2, 2006. On April 20, 2006, appellant was indicted in Case No. 06CR-I-04-0197. That case was dismissed on December 13, 2006.
 {¶ 3} On August 25, 2006, appellant was indicted in Case No. 06CR-I-08-0384. He was charged with fifteen counts of Breaking and Entering, four counts of Receiving Stolen Property, fifteen counts of Theft, four counts of Possessing Criminal Tools, and one count of Vandalism. Of these charges, there was one felony of the fourth degree, twenty-nine felonies of the fifth degree, and nine misdemeanors of the first degree. The dates set forth in the indictment ranged from February 12, 2005 to January 14, 2006.
 {¶ 4} On December 12, 2006, appellant entered guilty pleas to the following charges: Count Ten, Breaking and Entering, a felony of the fifth degree; Count Eleven, Theft, a misdemeanor of the first degree; Count Thirteen, BE, a felony of the fifth degree; Count Fourteen, Theft, a misdemeanor of the first degree; Count Fifteen, BE, a felony of the fifth degree; Count Sixteen, Theft, a misdemeanor of the first degree; Count Twenty, Theft, a misdemeanor of the first degree; Count Twenty-Two, Theft, a misdemeanor of the first degree; Count Twenty-Four, Theft, a misdemeanor of the first degree; Count Twenty-Five, BE, a felony of the fifth degree; Count Twenty-Eight, *Page 3 
Theft, a misdemeanor of the first degree; Count Twenty-Nine, BE, a felony of the fifth degree; Count Thirty, Theft, a misdemeanor of the first degree; Count Thirty-One, Receiving Stolen Property, a felony of the fifth degree; Count Thirty-Two, BE, a felony of the fifth degree; and Count Thirty-Five, BE, a felony of the fifth degree. The remaining counts of the indictment were dismissed.
 {¶ 5} After entering his guilty plea, the trial court imposed the sentence. The parties jointly recommended a seven-year prison term. The trial court sentenced appellant to a total of seven years in prison. He was sentenced to twelve months in prison on Count Ten, twelve months on Count Thirteen, twelve months on Count Fifteen, twelve months on Count Twenty-Five, twelve months on Count Twenty-Nine, six months on Count Thirty-One, twelve months on Count Thirty-Two and twelve months on Count Thirty-Five. The sentences as to Counts Ten, Thirteen, Fifteen, Twenty-Five, Twenty-Nine, Thirty-Two and Thirty-Five were ordered to be served consecutively to one another.
 {¶ 6} The court also imposed a fine and ordered restitution to all of appellant's victims.
 {¶ 7} Appellant raises four Assignments of Error[1]:
 {¶ 8} "I. THE TRIAL COURT ERRED BY IMPOSING NON-MINIMUM, CONSECUTIVE SENTENCES IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION." *Page 4 
 {¶ 9} "II. TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, INVIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION, FOR FAILING TO OBJECT TO THE TRIAL COURT'S IMPOSITION OF NON-MINIMUM, CONSECTUVIE SENTENCES."
 {¶ 10} "III. THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED MR. FREEMAN DUE PROCESS OF LAW BY IMPOSING NON-MINIMUM, CONSECUTIVE SENTENCES."
 {¶ 11} "IV. THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO IMPOSE CONSECUTIVE SENTENCES.
 I., III. AND IV. {¶ 12} Assignments of error one, three and four are interrelated and will be addressed together.
 {¶ 13} Appellant claims Ohio's sentencing scheme remains unconstitutional despite the holding in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, as the application of Foster violates appellant's rights under the due process and ex post facto clauses of the United States and Ohio Constitutions. Appellant also argues the trial court did not have the authority to impose consecutive sentences. We disagree.
 {¶ 14} This Court has addressed and decided the issues raised by appellant in a number of recent cases. See, State v. Ashbrook, 5th Dist. No. 2006CA00193, 2007-Ohio-2325, State v. Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542.
 {¶ 15} As we explain below, we reject appellant's argument and hold that he was properly sentenced according to the principles set forth inFoster and United States v. *Page 5 Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621. [Hereinafter cited as "Booker"].
 {¶ 16} In Booker, the United States Supreme Court issued two separate majority opinions. First, Justice Stevens wrote for the Court and held that the rule announced in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403 applied to the Guidelines.Booker, 125 S.Ct. at 745. He based his opinion on the premise that the Guidelines were mandatory and imposed binding requirements on all sentencing judges. Id. at 749. Second, and in light of Justice Stevens' holding, Justice Breyer wrote for the Court and invalidated two provisions of the Sentencing Reform Act of 1984 that had the effect of making the Guidelines mandatory. Id. at 756. The Court instructed that both holdings-the Sixth Amendment holding and the remedial interpretation of the Sentencing Act-should be applied to all cases on direct review. Id. at 769.
 {¶ 17} In Foster, the Court found, in relevant part to appellant's assignment of error, the provisions addressing "more than the minimum" sentence for offenders who have not previously served a prison term pursuant to R.C. 2929.14(B) required the sentencing court to make findings beyond those facts found by a jury or admitted by an accused. Id. at ¶ 61. The Court found this provision, as well as others not germane to this appeal, to be unconstitutional under the United States Supreme Court decisions in Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct.2348, 147 L.Ed.2d 435, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. Essentially, this portion of the Foster opinion is in line with Justice Stevens' opinion inBooker, i.e. judicial fact-finding violates the Sixth Amendment "jury trial." *Page 6 
 {¶ 18} However, the Ohio Supreme Court in Foster found that the offending provisions of the sentencing law are severable. The Court concluded that after severing those provisions, judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant, or before imposition of consecutive prison terms.Id. at paragraphs 2 and 4 of the syllabus.
 {¶ 19} Article I of the U.S. Constitution provides that neither Congress nor the states shall pass an "ex post facto Law." See U.S. Const. art. I, § 9, cl. 3; art. I, § 10, cl. 1. The Ohio Constitution contains a similar provision. See, Ohio Const. Art. 2, § 28. Although the Ex Post Facto Clause limits the legislature instead of the judiciary, "limitations on ex post facto judicial decision-making are inherent in the notion of due process." Rogers v. Tennessee (2001),532 U.S. 451, 456, 121 S .Ct. 1693, 149 L.Ed.2d 697. In the context of judicial decision-making, a defendant has "a right to fair warning of that conduct which will give rise to criminal penalties." Marks v.United States (1977), 430 U.S. 188, 191, 97 S.Ct. 990, 51 L.Ed.2d 260. Appellant claims that the United States Supreme Court in Booker and the Ohio Supreme Court in Foster altered sentencing law in a manner detrimental to him and thereby violated his due process right to fair warning. United States v. Farris, supra 448 F.3d at 967.
 {¶ 20} Appellant in the case at bar was subject to criminal prosecution for his conduct at the time the crimes were committed. Appellant therefore cannot complain of a lack of fair warning that his conduct could be treated as a criminal offense. See Weaver v.Graham, 450 U.S. at 28-29, 101 S.Ct. 960, 67 L.Ed.2d 17 (noting that the Ex Post Facto Clause assures that "legislative Acts give fair warning of their effect and *Page 7 
permit individuals to rely on their meaning until explicitly changed").State v. Walls, 96 Ohio St .2d 437, 446, 2002-Ohio-5059 at ¶ 27,775 N.E.2d 829, 840.
 {¶ 21} Retroactive changes in the measure of punishment are impermissibly ex post facto if they subject a defendant to a more severe sentence than was available at the time of the offense. See Lindsey v.Washington (1937), 301 U.S. 397, 401, 57 S.Ct. 797, 81 L.Ed. 1182;State v. Walls, 96 Ohio St.2d at 447, 2002-Ohio-5059 at ¶ 29,775 N.E.2d at 841.
 {¶ 22} Appellant must show that applying the remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in theFoster decision to his case actually "produce[d] a sufficient risk of increasing the measure of punishment attached to" his crime.California Dept. of Corrections v. Morales (1995), 514 U.S. 499, 510,115 S.Ct. 1597, 131 L.Ed.2d 588. A "speculative and attenuated" possibility that the statutory change has increased the measure of punishment will not constitute an ex post facto violation. Id. In other words, appellant must demonstrate that he had more than a speculative chance under the old law of receiving probation. State v. Walls,supra, 96 Ohio St.2d 448, 2002-Ohio-5059.
 {¶ 23} As the Supreme Court of Ohio noted in Foster: "[t]hus, Ohio has a presumptive minimum prison term that must be overcome by at least one of two judicial findings. For someone who has never been to prison before (not necessarily a first-time offender), the court must find that the shortest term will `demean the seriousness' of the crime or will inadequately protect the public; otherwise, the court must find that the offender has already been to prison to impose more than a minimum term."Foster, 109 Ohio St.3d at 19, 2006-Ohio-856 at ¶ 19, 845 N.E.2d at 490. The remedy applied *Page 8 
by the Court in Foster is to sever the offending provisions including R.C. 2929.14(B). The Court noted: "[a]ll references to mandatory judicial fact-finding properly may be eliminated in the four areas of concern. Without the mandatory judicial fact-finding, there is nothing to suggest a `presumptive term'." Foster, 109 Ohio St.3d at 29, 2006-Ohio856 at ¶ 96, 845 N.E.2d at 497. Accordingly, the Court inFoster did not simply sever the judicial fact-finding portion of R.C.2929.14(B); rather the Court found that the presumption for the shortest prison term only existed if the trial courts were free to overcome the presumption based upon the offender's history or the particular facts of the case. The natural corollary to this finding is that the legislature never mandated a mandatory minimum sentence upon every offender who had not previously served a prison term.
 {¶ 24} Appellant was aware at the time he committed the crimes that the court would engage in fact-finding in determining the appropriate sentence within the sentencing range to impose. In Foster the court noted: "[t]wo statutory sections apply as a general judicial guide for every sentencing. The first, R.C. 2929.11, states that the court `shall be guided by' the overriding purposes of felony sentencing, which are `to protect the public from future crime by the offender and others and to punish the offender.' In achieving those purposes, the court shall also consider the need for incapacitation, deterrence, rehabilitation, and restitution. A felony sentence `shall be reasonably calculated to achieve the two overriding purposes of felony sentencing' and be `commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.' A sentence may not be based upon the race, ethnic *Page 9 
background, gender, or religion of the offender . . . The second general statute, R.C. 2929.12, grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.' R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R .C. 2929.12. These statutory sections provide a nonexclusive list for the court to consider." Foster, 109 Ohio St.3d at 12-13; 2006-Ohio856 at ¶ 36-37, 845 N.E.2d at 484-85. [Footnotes omitted]. These provisions were found to be constitutional and therefore have not been excised under the remedial severance portion of the decision. See, State v.Mathis, 109 Ohio St.3d 54, 61, 2006-Ohio-855 at ¶ 38, 846 N.E.2d 1, 8. Thus, even if the remedial holding in Foster were not applied in the case of an offender who has not previously served a prison sentence, such as appellant, trial courts would have the discretion to overcome the minimum sentence pursuant to R.C. 2929.11 and R.C. 2929.12. As these statutes were in existence at the time appellant committed the crimes, appellant had sufficient warning of the potential consequences of his actions to satisfy the due process concerns articulated inRogers.
 {¶ 25} Appellant does not have the right to a windfall sentence under an unconstitutional scheme, but only the right to a new sentencing proceeding under a constitutional one. Under the current remedy as set forth in Foster, appellant was entitled to a new sentencing hearing, unencumbered by the presumptive term and unencumbered by the judicial fact-finding necessary to overcome the presumption. Nothing prohibited the trial judge from sentencing appellant to the minimum term for his *Page 10 
offenses. By the same token, the trial judge was not mandated by statute to make findings or to impose a sentence in excess of the minimum sentence. Appellant was not subjected to a higher sentence than the one originally imposed. We are not judicially increasing the range of appellant's sentence and retroactively applying a new statutory maximum to an earlier committed crime. As such, our holding does not disadvantage the appellant. State v. Natale (2005), 184 N.J. 458, 492,878 A.2d 724,743.
 {¶ 26} Further, appellant was sentenced to consecutive sentences. This court has held that trial courts have the full discretion to impose a prison sentence within the statutory range and judicial fact finding is no longer required before a court imposes non-minimum, maximum or consecutive prison terms. State v. Firouzmandi, Licking App. No. 06-CA-41, 2006-Oho-5823; State v. Duff, Licking App. No. 06-CA-81,2007-Ohio-1294, See also, State v. Diaz, Lorain App. No. 05CA008795,2006-Ohio-3282. Here, appellant's sentences fell within the statutory ranges. Accordingly, the trial court did not abuse its discretion by imposing consecutive sentences.
 {¶ 27} We conclude that retroactive application of the remedy in this case does not run afoul of the state or federal prohibitions against ex post facto laws. Id. Additionally, we would note that under the federal sentencing guidelines as applied in light of the Booker decision "defendant's due process [and ex post facto] argument has been justifiably rejected by the Courts of Appeals that have considered it.See, e.g., United States v. Lata, 415 F.3d 107 (1st Cir.2005);United States v. Vaughn, 430 F.3d 518 (2d Cir.2005), cert. denied547 U.S. 1060, 126 S.Ct. 1665, 164 L.Ed.2d 405 (2006); United States v.Scroggins, 411 F.3d 572 (5th Cir.2005); United States v. Jamison, *Page 11 416 F.3d 538 (7th Cir.2005); United States v. Dupas, 417 F.3d 1064 (9th Cir.2005), amended by 419 F.3d 916 (9th Cir.2005), cert. denied547 U.S. 1011, 126 S.Ct. 1484, 164 L.Ed.2d 261 (2006); United States v.Rines, 419 F.3d 1104, 1106 (10th Cir.2005), cert. denied 546 U.S. 1119,126 S.Ct. 1089, 163 L.Ed.2d 905 (2006); and United States v.Duncan, 400 F.3d 1297 (11th Cir.2005), cert. denied 546 U.S. 940,126 S.Ct. 432, 163 L.Ed.2d 329 (2005)". United State v. Shepherd (6th Cir.2006), 453 F.3d 702, 705-706.
 {¶ 28} Accordingly, assignments of error I, III and IV are overruled.
 II. {¶ 29} In his second assignment of error, appellant argues his trial counsel was ineffective for failing to object to the trial court's imposition of non-minimum, consecutive sentences. We disagree.
 {¶ 30} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 31} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.) *Page 12 
 {¶ 32} "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 33} Based upon our decision in assignments of error I, II and IV, we find no deficiency by defense counsel on this issue.
 {¶ 34} Appellant's second assignment of error is overruled.
 {¶ 35} The decision of the Delaware County Common Pleas Court is affirmed.
 Delaney, J. Hoffman, P.J. and Farmer, J. concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] New counsel was appointed at appellant's request after the brief was filed. Appellant's new counsel filed a brief but failed to ask for leave; therefore, we cannot consider the arguments raised in the Supplementary Brief. *Page 1