[Cite as *State v. Roush*, 2014-Ohio-4887.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 13CA0008 |
| SHANE ROUSH | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Morrow County Court of Common Pleas, Case No. 10CR0178


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      October 30, 2014


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

CHARLES HOWLAND      WILLIAM T. CRAMER
PROSECUTING ATTORNEY      470 Olde Worthington Road
K. DAVID HOMER      Suite 200
ASSISTANT PROSECUTOR      Westerville, Ohio 43082
60 East High Street
Mt. Gilead, Ohio 43338

*Hoffman, P.J.*

{¶1}. Defendant/appellant Shane Roush appeals the September 9, 2013 Judgment Entry entered by the Morrow County Court of Common Pleas which denied Appellant's pro se motion to correct his felony sentence handed down in 2011. Plaintiff/Appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}. On October 27, 2010, Appellant was indicted on one count of Attempted Aggravated Murder (R.C. 2923.02 and 2903.01(E)(1)), a felony of the first degree, with specifications including using body armor during the offense; four counts of Felonious Assault (R.C. 2923.03 and 2903.11), felonies of the first or second degree, with specifications; Illegal Cultivation of Marijuana (R.C. 2925.04), a felony of the second degree, with specifications; and, Trafficking in Marijuana (R.C. 2925.03), a felony of the second degree, with specifications. The indictment stemmed from an incident during which Appellant, wearing a Kevlar flak vest, fired an assault rifle at a group of people, striking a Morrow County Sheriff's Deputy several times. The deputy was severely injured in the shooting and was later medically retired.

{¶3}. A written plea agreement was reached on or about August 22, 2011. Pursuant to the plea agreement, in exchange for Appellant's plea of guilty to the charges, the State agreed to recommend the following sentence:

{¶4}. <u>Ten years</u> on Count I (Complicity to Attempted Aggravated Murder), plus <u>seven years</u> mandatory consecutive for the firearm specification and <u>two years</u> mandatory consecutive for the body armor specification; <u>six years</u> on Count III (Complicity to Felonious Assault) to be served consecutively; and <u>six years</u> on each of

the remaining Felonious Assault counts to be served concurrently. Three years mandatory on each gun specification for Counts III, IV and V. The trial court merged the gun specifications on these counts. The total prison term recommended would be 25 years.

{¶5}. Following a Plea Hearing, the trial court imposed sentence as follows:

{¶6}. "So in addition to the factors that I have covered with you earlier, also, and I now can consider Deputy Moore's statement as in point of fact the victim impact statement. So then on the basis of all of the foregoing, I will now proceed to make disposition of your case in the following fashion:

{¶7}. "It is hereby ordered and adjudged that you, Shane Roush, as to the crime of attempted aggravated murder set forth in Count 1 of the indictment, that particular charge being in violation of Section 2923.02(A) of the Ohio Revised Code and being classified as a felony of the first degree, be imprisoned and confined by the Department of Rehabilitation and Correction for a mandatory stated prison term of ten years as is required by Statute 2929.13(F)(8) of the Revised Code and to pay the costs of the prosecution of this case for which execution is awarded.

{¶8}. "And it is further ordered you, Shane Roush, as to specification one set forth at the end of the body of Count 1 of the indictment, that specification being so defined by 2941.142 of the Ohio Revised Code, being imprisoned and confined by the Department of Rehabilitation and Correction for a mandatory additional stated prison term of seven years, that particular mandatory additional stated prison term pursuant to Statute 2929.14(D)(1)(f) of seven years to be served consecutive and prior to the principal charge.

{¶9}. "And it is further ordered and adjudged that you, Shane Roush, as to specification two set forth at the end of the body of Count 1 of the indictment, that specification being so defined by 2929.141 of the Ohio Revised Code, be imprisoned and confined by the Department of Rehabilitation and Correction for a mandatory additional stated prison term of two years and pursuant to 2929.14(D)(1)(D) that mandatory additional prison term of two years must be served consecutive and prior to the stated prison term imposed as to the aggravated murder charge.

{¶10}. "* * *

{¶11}. "Okay.  It is further ordered and adjudged that you, Shane Roush, as to the crime of felonious assault set forth in Count 3 of the indictment herein filed, that particular charge being in violation of Section 2903.11(A) of the Ohio Revised Code and being classified as a felony of the second degree, be imprisoned and confined by the Department of Rehabilitation and Correction for a mandatory stated prison term of six years as so required by 2929.13(F)(8) of the Revised Code and to pay the costs of the prosecution of this case for which execution is awarded.  And it is further ordered and adjudged that as to the specification set forth at the end of the body of Count 3, that that merges.  Counsel agree?

{¶12}. "MS. STEFANCIN: Yes, your Honor.

{¶13}. "THE COURT: Counsel agree?

{¶14}. "MR. DAVIS: Yes.

{¶15}. "THE COURT: And it is further ordered and adjudged as to specification two, same as that, that merges.  We agree? Okay.

{¶16}. "MS. STEFANCIN: Yes, your Honor.

**{¶17}.** "THE COURT: All right. And it is further ordered and adjudged, that the sentence hereby imposed by this Court this day upon this defendant as to Count 3 shall run and be served consecutive to the sentence imposed as to Count 1. I think that takes us to the 25.

**{¶18}.** "MS. DAVIS: Yes, sir.

**{¶19}.** "MS. STEFANCIN: Yes, sir.

**{¶20}.** "THE COURT: Okay. And we'll proceed to make disposition of Count 4 in this fashion. It is hereby ordered and adjudged that you, Shane Roush, as to the crime of felonious assault set forth in Count 4 of the indictment, that particular charge being in violation of Section 2903.11(A)(2) of the Ohio Revised Code and being classified as a felony of the second degree, be imprisoned and confined by the Department of Rehabilitation and Correction for a mandatory stated prison term of six years as required by 2929.13(F)(8) and to pay the costs of the prosecution for which execution is awarded. Said sentence to run and be served concurrent with the sentence heretofore imposed, that is concurrent to Count 1 and Count 3. And I think we are in agreement that the specifications merge, okay.

**{¶21}.** "And then moving over to Count 5 and this is going to be a repetition of Count 4. It is hereby ordered and adjudged that you, Shane Roush, as to the crime of felonious assault set forth in Count 5 of the indictment herein filed, that particular charge being in violation of Section 2903.11(A)(2) of the Ohio Revised Code, be imprisoned and confined by the Department of Rehabilitation and Correction for a mandatory stated prison term of six years as so required by 2929.13(F)(8) and to pay the costs of the prosecution of this case for which execution is awarded.

**{¶22}.** "And once, again, the court finds that specifications one and two merge as heretofore placed in the record. Now, there is couple more matters to cover with you, Mr. Roush. If you would like to have a seat, please.

**{¶23}.** "MR. DAVIS: Judge.

**{¶24}.** "THE COURT: Yeah, Mr. Davis go ahead.

**{¶25}.** "MR. DAVIS: I don't believe and maybe I didn't hear it, I don't believe that you indicated that Count Number 5 was concurrent.

**{¶26}.** "THE COURT: I didn't say that and I thank you for telling me that. It is hereby ordered that the sentence heretofore imposed on this defendant this day by this Court as to Count 5 shall run and be served concurrent with the other sentences."

**{¶27}.** Tr. at p. 4-8

**{¶28}.** Appellant did not file a direct appeal. However, on December 17, 2012, Appellant filed a pro se motion to correct sentence, arguing his sentence for the offenses of attempted aggravated murder and felonious assault were "void and illegal." The State filed a memorandum contra on June 20, 2013, arguing Appellant's motion should be denied on grounds of res judicata. Appellant filed a reply thereto onto July 17, 2013.

**{¶29}.** On September 9, 2013, the trial court denied Appellant's motion to correct sentence, concluding the mandatory terms were "appropriate and legal as the statutes allow," and the motion was barred by res judicata.

**{¶30}.** On September 30, 2013, Appellant filed the within appeal, assigning as error:

**{¶31}.** "I.  APPELLANT'S SENTENCE IS VOID BECAUSE THE TRIAL COURT IMPOSED MANDATORY PRISON TERMS FOR ATTEMPTED AGGRAVATED MURDER AND FELONIOUS ASSAULT THAT WERE NOT AUTHORIZED BY STATUTE."

I.

**{¶32}.** In his sole Assignment of Error, Appellant in essence contends the trial court erred in denying his motion to correct sentence. We disagree.

*Challenge to the Attempted Aggravated Murder Sentence*

**{¶33}.** The underlying offense of aggravated murder in the case sub judice was charged under R.C. 2903.01(E)(1), which states as follows: "No person shall purposely cause the death of a law enforcement officer whom the offender knows or has reasonable cause to know is a law enforcement officer when *** [t]he victim, at the time of the commission of the offense, is engaged in the victim's duties."

**{¶34}.** Ohio's "attempt" statute, R.C. 2923.02(E)(1), states in pertinent part as follows: "*** An attempt to commit aggravated murder, murder, or an offense for which the maximum penalty is imprisonment for life is a felony of the first degree." In turn, R.C. 2929.14(A)(1), prior to H.B. 86, generally established that the possible penalties for a first-degree felony ran from three to ten years. Thus, "*** the length of sentences for murder and aggravated murder are inflexibly fixed by statute whereas there is a range of possible sentences for attempted murder and attempted aggravated murder." *State v. Lewis*, 2nd Dist. Greene No. 98 CA 70, 1999 WL 961150.

**{¶35}.** Appellant urges, and we agree, R.C. 2929.13(F)(8) requires the firearm specification penalty be made mandatory, but not the penalty for the underlying offense.

Appellant claims his ten-year "mandatory" sentence for attempted aggravated murder was not authorized by the Ohio Revised Code, even though a "non-mandatory" prison sentence of the same length would have been statutorily permissible.

*Challenge to the Felonious Assault Sentences*

{¶36}. Appellant was also charged with several counts of felonious assault under R.C. 2903.11(A)(2), which states "[n]o person shall knowingly *** [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."

{¶37}. Felonious assault can be charged as a first-degree felony under R.C. 2903.11(D)(1)(a) where a defendant fires shots at a peace officer. *See State v. Belew*, 6th Dist. Lucas No. L–11–1279, 2013-Ohio-1078. However, in the case sub judice, the State agreed to dismiss Count II (felonious assault as to a peace officer), with Appellant pleading guilty to the remaining counts, including felonious assault against other victims, charged as felonies of the second degree.

{¶38}. R.C. 2929.14(A)(2) states, with certain exceptions, "[f]or a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years."

{¶39}. Appellant again urges R.C. 2929.13(F)(8) requires the firearm specification penalty be made mandatory, but not the penalty for the underlying offense of felonious assault.

{¶40}. Appellant maintains his sentence is contrary to law as the felonious assault statute does not "require the imposition of a prison term" under the circumstances of this case. R.C. 2903.11(D)(1)(b) only imposes a mandatory term when (1) the offender knew the victim was pregnant at the time of the offense (R.C.

2941.1423) or (2) the victim was a peace officer who suffered serious physical harm. Neither of those circumstances applied to the felonious assault convictions in this instance, as the counts in question did not involve a pregnant victim or a peace officer after Count II was dropped.

### Res Judicata and Estoppel

{¶41}. The State maintains Appellant's time frame to raise this challenge is long past, as he failed to file a direct appeal and further entered into a written plea agreement clearly setting forth the various penalties.[1]

{¶42}. The Ohio Supreme Court has recognized: "*** [I]n the normal course, sentencing errors are not jurisdictional and do not render a judgment void. *** When reviewing a felony sentence, an appellate court must first review the sentence to ensure the sentencing court clearly and convincingly complied with the applicable laws. *State v. Kalish, 120 Ohio St.3d 23, 2008–Ohio–4912.* A trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention to a statute, or decided pursuant to an unconstitutional statute. *Id.* In *Kalish,* the Supreme Court held the trial court's decision was not contrary to law when the trial court expressly stated it considered the purposes and principles of R.C. 2929.11, the factors listed in R.C. 2929.12, properly applied post-release control, and the sentence was within the permissible range. *Kalish* at ¶ 18.

{¶43}. If this inquiry is satisfied, an appellate court then reviews the trial court's sentencing decision for abuse of discretion. *Id.* In order to find an abuse of discretion,

---

[1]  We note, the written plea agreement refers to mandatory prison terms for the specifications, but not for the underlying offenses.  It also states Appellant was aware he would "not be eligible for judicial release pursuant to [R.C.] Section 2929.13(F)(8) and 2929.13(F)(9)," referring to gun and body armor specifications.

we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶44}. As a general rule, trial courts have full discretion to impose a prison sentence within the statutory ranges. *State v. Freeman,* Delaware App. No. 07CAA01-0001, 2008-Ohio-1410.

{¶45}. In *State v. May,* Morrow App. No. 2010CA2, 2010-Ohio-4625, this Court addressed the inverse of the issue posed herein, "When a mandatory prison term is required, does the sentencing judge have the authority to impose a prison term from the permissible range and make only a portion of the term mandatory?" This Court found,

{¶46}. "The State argues that the trial court's sentence in this case, consisting of a one-year 'mandatory' term within a two-year prison term, is not authorized by statute and is erroneous as a matter of law.

{¶47}. "***

{¶48}. "We recognize that subsequent to the filing of the briefs in this matter, this Court decided *State v. Hess,* Morrow App. No.2009CA0015, 2010-Ohio-3695, in which we applied the holding of *State v. Thomas,* Allen App.No. 1-04-88, 2005-Ohio-4616, to conclude the trial court was required to impose a mandatory prison term for the entire length of the sentence prescribed and not create a 'hybrid sentence.' *Id.* at ¶ 32. However, the Generally Assembly has not specifically disallowed the type of partially mandatory sentence crafted by the trial court in the case sub judice, and, as R.C. 2929.01(FF) and R.C. 2929.20(C)(2) indicate, a 'stated term' is not necessarily synonymous with a 'mandatory term.' It is well-established that the sentencing

provisions set forth in the Revised Code are to be strictly construed against the state and liberally construed in favor of the accused. See, e.g., *State v. Fanti,* 147 Ohio App.3d 27, 30, 768 N.E.2d 718, 2001-Ohio-7028; R.C. 2901.04(A).

{¶49}. "Accordingly, we decline to herein adopt our previous rationale in *Hess.* We find the trial court acted within its discretion in imposing a one-year 'mandatory' term, which comports with R.C. 2903.08(D)(1) and is within the range of penalties for a third-degree felony, even though the 'stated term' was ordered to be two years."

{¶50}. Upon review of the statutes set forth above, Appellant's sentence was within the range of penalties for the offenses of attempted aggravated murder and felonious assault.  The trial court's decision was not contrary to law and the trial court expressly stated it considered the purposes and principles of R.C. 2929.11, the factors listed in R.C. 2929.12, properly applied post-release control, and the sentence was within the permissible range. *Kalish* at ¶ 18.

{¶51}. The trial court's inclusion of the term "mandatory" in Appellant's sentence does not render his sentence illegal.  Any claimed error was capable of being raised on direct appeal.  Accordingly, we find Appellant's argument is barred by the doctrine of res judicata.

{¶52}. Appellant's assigned error is overruled, and the judgment of the Morrow County Court of Common Pleas is affirmed.

By: Hoffman, P.J.,

Farmer, J., concurs,

Wise, J. dissents

*Wise, J., dissenting*

{¶53}. I respectfully dissent from the majority decision in this matter.

{¶54}. The Ohio Supreme Court has recognized: "*** [I]n the normal course, sentencing errors are not jurisdictional and do not render a judgment void. *** But in the modern era, Ohio law has consistently recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer*, 128 Ohio St.3d 92, 94, 2010-Ohio-6238, ¶ 7- ¶ 8. The rule of *Fischer* was supposed to be limited to "a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control." *See Fischer* at ¶ 31. However, as Justice Lanzinger aptly noted in her dissent from dismissal in *In re: J.S.*, 136 Ohio St.3d 8, 989 N.E.2d 978, 2013-Ohio-1721, ¶ 8, *Fischer's* rationale has since been expanded outside the realm of postrelease control. Moreover, the Ohio Supreme Court has long recognized: "Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law." *Colegrove v. Burns* (1964), 175 Ohio St.437, 438, 195 N.E.2d 811.

{¶55}. I note the State, in its response brief herein, has not challenged the technical aspects of appellant's argument regarding his "mandatory" sentences. The focus of the appeal has thus become the application of res judicata, and I do not agree with my colleagues that appellant is barred in this instance from raising a challenge to

his sentence where he failed to file a direct appeal in 2011. I would reverse and remand

for resentencing under the specific circumstances of this case.