[Cite as *State v. Shields*, 2020-Ohio-3204.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28573 |
| | : | |
| | : | Trial Court Case No. 2019-CR-2731 |
| v. | : | |
| | : | (Criminal Appeal from |
| MARC ANDREW SHIELDS, JR. | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of June, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

TRAVIS T. DUNNINGTON, Atty. Reg. No. 0096519, 117 South Main Street, Suite 400, Dayton, OH 45422
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

**{¶ 1}** Marc Andrew Shields, Jr., pled guilty in the Montgomery County Court of Common Pleas to aggravated robbery, a first-degree felony, with a firearm specification. In exchange for the plea, the State dismissed charges of carrying a concealed weapon and tampering with evidence. The trial court sentenced Shields to an indefinite term of three to four and one-half years in prison,[1] plus an additional three years for the firearm specification, to be served consecutively. Shields appeals from his conviction.

**{¶ 2}** In a sentencing memorandum and at sentencing, Shields argued that, although there was a presumption of prison for the aggravated robbery, the sentencing factors in R.C. 2929.12 supported community control in his case. Shields asked that he be sentenced to community control on the aggravated robbery, to be served concurrently with the three-year sentence for the firearm specification. Shields attempted to distinguish *State v. Ervin*, 2017-Ohio-1491, 89 N.E.3d 1 (12th Dist.) (disallowing, after a discussion of "blended sentences," community control sentence on underlying offenses, consecutive to prison term on firearm specification), and argued that *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, permitted a trial court to impose community control *concurrently* with a prison sentence on a separate offense. Although recognizing that a firearm specification was not a "separate offense" for purposes of merger, *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, Shields

---

[1] The Reagan Tokes Law, effective March 22, 2019, made substantive amendments to Ohio's felony sentencing statutes with respect to first- and second-degree felonies committed on or after the amendments' effective date. Under the amendments, Shields was subject to an indefinite sentence, the minimum term of which the court could select from the sentencing range for a first-degree felony, and the maximum of which would be 50 percent more than the selected minimum term. *See* R.C. 2929.14(A)(1)(a).

argued that *Ford* did not address whether an offender could be sentenced to community control for an underlying offense where prison must be imposed for a firearm specification. The trial court concluded that, "[w]hile the sentence for aggravated robbery is not mandatory, the Defendant must be sentenced to prison as a result of the three-year firearm specification on the underlying F-1 felony."

{¶ 3} In his sole assignment of error, Shields claims that the trial court erred in refusing to consider a sentence of community control on the underlying aggravated robbery offense. Shields argues that the trial court had the authority to impose community control on the aggravated robbery concurrently with three years in prison on the firearm specification. The State responds that the trial court fully considered whether it could impose community control and "ultimately declined to accept [Shields's] interpretation of the statutes." The State further argued that the trial court did not err, because the sentencing statutes contained no express authority for the trial court to impose community control on the underlying offense of aggravated robbery to run concurrently with a mandatory prison sentence on the attached gun specification.

{¶ 4} Upon an initial review, we noticed that neither party addressed R.C. 2929.13(F)(8), which requires the trial court to impose a prison term for any felony offense, except a violation of R.C. 2923.12 (carrying a concealed weapon), "if the offender had a firearm on or about the offender's person or under the offender's control while committing the felony, with respect to a portion of the sentence imposed pursuant to division (B)(1)(a) of section 2929.14 of the Revised Code for having the firearm." Prior to oral argument, we notified the parties that they should be prepared to address the effect, if any, of that statute.

{¶ 5} At oral argument, Shields argued that R.C. 2929.13(F)(8) makes a prison sentence mandatory only as to the firearm specification, i.e., the "portion of the sentence imposed pursuant to division (B)(1)(a) of section 2929.14 of the Revised Code for having the firearm." Shields asserted that R.C. 2929.13(F)(8) did not speak to the portion of the sentence related to the underlying offense, in this case the aggravated robbery. Shields contended that our opinion in *State v. Becraft*, 2d Dist. Clark No. 2013-CA-54, 2015-Ohio-3911, which appeared to hold otherwise, did not directly concern this issue, and that the Fifth District in *State v. Roush*, 5th Dist. Morrow No. 13CA0008, 2014-Ohio-4887, has interpreted R.C. 2929.13(F)(8) consistently with his interpretation.

{¶ 6} The State countered at oral argument that R.C. 2929.13(F)(8) concerns offenses, not specifications, and that firearm specifications are addressed in R.C. 2929.14(B)(1)(a). The State emphasized that while a prison sentence on one offense can be run concurrently with a community control sentence on another offense, Shield's case presented only one offense (with a specification), and there was no authority to impose a split sentence for the underlying offense and the specification.

{¶ 7} In *Becraft*, the defendant pled guilty to aggravated robbery, in exchange for which the State dismissed an accompanying firearm specification and stipulated that Becraft did not have a firearm during the robbery offense. At the plea hearing, the trial court informed Becraft that he was eligible for community control, but that the offense carried a presumption of imprisonment. The trial court recited the facts of the theft offense and the firearm specification, including facts alleging that Becraft possessed or used a weapon to facilitate the offense, and informed Becraft that by entering a plea he was waiving his right to require the State to prove, beyond a reasonable doubt, all the

elements of aggravated robbery and the firearm specification. The trial court acknowledged, however, that the firearm specification had been dismissed. At sentencing, the trial court imposed nine years in prison and restitution.

{¶ 8} On appeal, Becraft argued that his plea was not knowing, intelligent, and voluntary, because the court improperly told him that he was eligible for community control. We held that the trial court's advisement regarding community control was correct in Becraft's case, reasoning:

> * * * In the case before us, the facts admitted by Becraft included all the elements of an Aggravated Robbery offense, including the use of a deadly weapon (but not necessarily a firearm). Neither the indictment, nor the admitted facts, included a claim that Becraft used, possessed or had control of a firearm in the course of the offense. Mandatory imprisonment or "definite prison terms" are controlled by the provisions of R.C. 2929.13 and 2929.14, which do not include the offense of Aggravated Robbery under R.C. 2911.01, unless additional factors are present, such as the use of a firearm. Aggravated Robbery, a violation of R.C. 2911.01, does not require the use, possession or control of a firearm. Therefore, a conviction for the offense of Aggravated Robbery, committed with a deadly weapon, not a firearm, is eligible for community control sanctions. R.C. 2929.13(F)(8) mandates a definite prison term for any felony, other than a violation of R.C. 2923.12, including the offense of Aggravated Robbery when the offender "had a firearm on or about the offender's person or under the offender's control while committing the offense" or when the offender is

also charged and convicted of a firearm specification, pursuant to R.C. 2929.14(B)(1)(a).

{¶ 9} Although *Becraft* focused on when community control was a permissible sanction for aggravated robbery, it made clear that R.C. 2929.13(F)(8) mandates a prison term for aggravated robbery when the offense is committed with a firearm. *Becraft* at ¶ 14. Other appellate districts have interpreted R.C 2929.13(F)(8) similarly. *State v. Galvan*, 8th Dist. Cuyahoga No. 108658, 2020-Ohio-1285, ¶ 20 ("Under R.C. 2929.13(F)(8), the aggravated robbery conviction requires a mandatory prison term where, as here, the defendant had a firearm on his person while committing the felony."). *See also, e.g., State v. Wofford*, 1st Dist. Hamilton No. C-180411, 2019-Ohio-2815, ¶ 10.

{¶ 10} We recognize, as argued by Shields, that the Fifth District in *Roush* has stated that "R.C. 2929.13(F)(8) requires the firearm specification penalty be made mandatory, but not the penalty for the underlying offense." *Roush*, 5th Dist. Morrow No. 13CA0008, 2014-Ohio-4887, at ¶ 35. However, *Roush* arose in a different procedural posture: the defendant appealed from the trial court's denial of his post-sentencing motion to correct his 2011 sentence, which included mandatory sentences, pursuant to R.C. 2929.13(F)(8), for attempted aggravated murder and several counts of felonious assault, each of which had a firearm specification. Roush had not challenged the imposition of mandatory sentences under R.C. 2929.13(F)(8) on direct appeal. While agreeing with Roush's interpretation of R.C. 2929.13(F)(8) that mandatory sentences were not required for the underlying offenses, the Fifth District ultimately affirmed the trial court's denial of Roush's motion on the ground that Roush's argument could have been raised on direct appeal and was barred by res judicata. Under these circumstances, the appellate court's

holding did not rely on its interpretation of R.C. 2929.13(F)(8) and we find it to be dicta and unpersuasive.

{¶ 11} Shields pled guilty to aggravated robbery, in violation of R.C. 2911.01(A)(1), with an accompanying firearm specification. By pleading guilty to the firearm specification, Shields agreed that he had a firearm on or about his person or under his control while committing the aggravated robbery. Pursuant to R.C. 2929.13(F)(8), the trial court was required to impose a prison sentence for Shields's aggravated robbery conviction, and it lacked the authority to consider community control. Consequently, we need not address the case law that Shields discusses in his appellate brief, nor must we decide the extent to which trial courts may impose community control sanctions and prison sentences concurrently.

{¶ 12} Shields's assignment of error is overruled.

{¶ 13} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Travis T. Dunnington
Hon. Mary Katherine Huffman